# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GERALD A. SANFORD, SR., | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 2:14-cv-01178-SHL-cgc |
| | ) |
| GRADY PERRY, WARDEN, | ) |
| | ) |
|     Respondent. | ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DENYING PETITIONER'S RULE 60(b) MOTION (ECF NO. 67),
DENYING PETITIONER'S MOTIONS TO SUBMIT ADDITIONAL EVIDENCE
IN SUPPORT OF RULE 60(b) MOTION (ECF NOS. 71 & 72),
DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN
APPEAL WOULD NOT BE TAKE IN GOOD FAITH, AND DENYING LEAVE
TO APPEAL *IN FORMA PAUPERIS***

Before the Court is the *pro se* Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)[1] of Petitioner Gerald A. Sanford, Sr., Tennessee Department of Correction prisoner number 418871, an inmate confined at the South Central Correctional Facility ("the SCCF") in Clifton, Tennessee.[2] (ECF No. 67.) Petitioner also filed two motions in which he seeks to supplement his Rule 60(b) motion with additional evidence. (ECF Nos. 71 & 72.)

For the reasons that follow, the Court **DENIES** Sanford's pending motions.

---

[1] The complete title of the motion is "Motion to Show Cause as to Why This Court Should Reinstate Habeas Proceedings in the Case Sub Judicie in Light of Petitioner's Original Habeas Petition Filed on January 17, 2013 and Fed. R. Civ. Proc. Rule 60(b) Motion for Relief from Judgment.

[2] The Clerk is DIRECTED to modify the docket to reflect Petitioner's current address at the SCCF: P.O. Box 279, Clifton, Tennessee 38425-0279, and to mail a copy of this order to that address.

## I. PROCEDURAL HISTORY

Sanford was convicted by a jury of first-degree murder in 2006 and sentenced to life imprisonment without parole. *State v. Sanford*, No. W2007-00664-CCA-R3-CD, 2008 WL 3066828, at *1 (Tenn. Crim. App. Aug. 1, 2008). The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's conviction on direct appeal. *Id*. at * 4.

Petitioner filed an application for state post-conviction relief, which was denied. *Sanford v. State*, No. W2012-01194-CCA-R3PC, 2013 WL 2490563, at *1 (Tenn. Crim. App. June 7, 2013). The TCCA affirmed the denial of post-conviction relief on appeal. *Id*.

On November 13, 2012, while his post-conviction appeal was pending with the TCCA, Petitioner filed a "Motion to Hold in Abeyance" in the United States District Court for the Middle District of Tennessee. (ECF No. 1.) Petitioner stated an intent to file a federal habeas petition under 28 U.S.C. § 2254 once he fully exhausted his state court remedies and asked the Court to stay the proceedings in the interim. (*Id*. at PageID 1.) On December 12, 2012, United States District Judge Todd J. Campbell entered an order granting Petitioner's motion and administratively closing the case. (ECF No. 7.)

Petitioner filed a motion to reopen the proceedings on July 7, 2014. (ECF No. 10.) Judge Campbell entered an order on July 17, 2014, directing the Clerk to reopen the case and granting Petitioner 30 days "to file an amended  habeas § 2254 petition." (ECF No. 11.) On July 21, 2014, Petitioner filed a § 2254 petition. (ECF No. 13.) Because Petitioner was convicted in Shelby County, Tennessee, Judge Campbell transferred the § 2254 petition to the Western District of Tennessee. (ECF No. 16.)

This Court then entered an order directing Perry to file a response to the § 2254  petition. (ECF No. 22.) Respondent filed a motion to dismiss, arguing that the petition was time barred.

(ECF No. 25.)  On March 2, 2016, the Court granted Respondent's motion and dismissed the § 2254 petition with prejudice.  (ECF No. 37 at PageID 2381.)

On April 1, 2016, Petitioner filed his first motion for relief from judgment under Rule 60(b), arguing, among other things, that he was entitled to equitable tolling of the limitations period.  (ECF No. 40.)  While his Rule 60(b) motion was pending, Petitioner filed a notice of appeal in the Sixth Circuit, appealing the dismissal of his § 2254 petition.  (ECF No. 45.)  On January 24, 2017, this Court denied Sanford's Rule 60(b) motion.  (ECF No. 50.)  The Sixth Circuit declined to issue a certificate of appealability, ending Sanford's appeal of the dismissal of his § 2254 petition.  (ECF No. 52).  He then filed a petition for rehearing, which the Sixth Circuit denied.  (ECF No. 58.)  The United States Supreme Court denied Sanford's petition for a writ of certiorari on June 11, 2018.  (ECF No. 61.)

On November 29, 2018, Sanford filed an application under 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.  (ECF No. 62.)  He then filed an additional application.  The Sixth Circuit denied the initial application on April 26, 2019.  (ECF No. 65.)  Sanford's second application was denied on July 23, 2019.  (ECF No. 66.)

Sanford filed the instant Rule 60(b) motion on November 13, 2023.  (ECF No. 67.) Petitioner argues that the Court erred in dismissing his case as time barred because he allegedly delivered a timely § 2254 to prison officials for mailing on January 17, 2013, but he later discovered that the petition was never filed.  (*Id*. at PageID 2541.)  Respondent has filed a response in opposition.  (ECF No. 69.)  Petitioner has filed a reply.  (ECF No. 70.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final judgment for one of several defined reasons:

3

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

A district court's discretion to grant relief from a judgment under Rule 60(b) "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

### III. ANALYSIS

Sanford bases his Rule 60(b) motion on the new allegation that he delivered a timely § 2254 petition to prison officials for mailing on January 17, 2013, but that the petition was never filed. (ECF No. 67 at PageID 2541.) He attaches a letter from the Clerk for the United States District Court for the Middle District of Tennessee that is dated January 23, 2013, which states: "Enclosed please find, unfiled, your [28] U.S.C. § 2254 petition. Judge Campbell ordered you to file a Motion [t]o Reopen before anything in this matter can be accepted." (*Id*. at PageID

2639.) Petitioner claims that he did not know that his petition was returned unfiled because "he was transferred from prison to prison" during that time and "his mail was playing catch up." (*Id.* at PageID 2541.)

Sanford does not specify which Rule 60(b) provision he is proceeding under, but he generally references mistake and newly discovered evidence in his motion. (ECF No. 67 as PageID 2542.) The Court presumes, based on his allegation regarding the unfiled § 2254 petition, that Sanford seeks relief under either subsection (1), which allows a party to seek relief from a final judgment based on mistake, or subsection (2), which permits reopening based on newly discovered evidence.

A Rule 60(b) motion seeking relief from a judgment under subsection (1) or (2) must be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Petitioner filed the instant Rule 60(b) motion on November 13, 2023—more than seven years after the Court entered its judgment in 2016 dismissing the case as time barred. Petitioner's motion is therefore **DENIED** as untimely.

Furthermore, a motion seeking relief under subsection (2) must be based on "newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial" under Federal Rule of Civil Procedure 59.[3] Fed. R. Civ. P. 60(b)(2). Sanford does not provide a date on which he learned that his § 2254 petition had been rejected by the Clerk. He merely states in his reply that he did not learn that his petition had been returned unfiled until "well after the Supreme Court issued its denial [of his petition for a writ of certiorari in 2018]." (ECF No. 70 at PageID 2651.) However, with "reasonable diligence," Petitioner

---

[3] "A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

5

could have discovered and raised the issue before the time expired to file a Rule 59 motion. *See* Fed. R. Civ. P. 60(b)(2).

Sanford claims that he mailed the § 2254 petition on January 17, 2023, while he was being "temporarily housed" at the Lois DeBerry Special Needs Facility for medical treatment. (ECF No. 67 at PageID 2529.) He could have highlighted that mailing in his response to Respondent's 2015 motion to dismiss, but he did not. (*See* ECF No. 27.) Respondent's motion, which sought dismissal based on timeliness, would have put Petitioner on notice that the § 2254 petition he mailed in 2013 was never filed. (*See* ECF No. 25-1 at PageID 109.) Rather than raise the 2013 petition, Petitioner argued that he was entitled to equitable tolling of the limitations period because (1) he had been transferred multiple times between prison facilities, resulting in delayed receipt of his legal mail; (2) his access to the prison law library was limited due to lockdowns at his facility and his prison job; and (3) the prison law library was inadequate and had outdated research materials. (*See* ECF No. 27 at PageID 2318–20.)

Sanford explains in his reply that he argued for equitable tolling instead of mentioning his 2013 petition because, at that time, he had no evidence or proof that he had mailed the petition. (ECF No. 70 at PageID 2651.) But not having "evidence" does not stop one from including the information or from looking for the evidence at the time. Indeed, it appears that Petitioner had access to his 2013 petition, which is attached as an exhibit to his Rule 60(b) motion. (ECF No. 67 at PageID 2549–54.) He also could have obtained the 2013 letter from the Clerk advising him that the § 2254 petition was being returned as unfiled, had he acted with reasonable diligence.[4]

---

[4] Petitioner merely states that "[a]fter explaining the situation many times to many people, the rejection letter was found and a copy of it [was] mailed to Petitioner's family." (ECF No. 70 at PageID 2651.) He provides no details about his efforts to obtain the letter, such as who he contacted and when.

6

Thus, even if his Rule 60(b) motion based on newly discovered evidence were timely, Sanford would not be entitled to relief because his arguments contradict his previous filings and fail to demonstrate that he acted with reasonable diligence.[5]  *See* Fed. R. Civ. P. 60(b)(2).

### IV. Motions to Submit Additional Evidence

Petitioner filed two additional motions (ECF Nos. 71 & 72) asking to submit additional evidence in support of his Rule 60(b) motion.  He seeks to supplement his motion with the affidavit of another prisoner at the SCCC, who avers that his legal mail was illegally confiscated during a search of his cell.  (ECF No. 71 at PageID 2660.)  Sanford does not explain why the confiscation of another prisoner's legal mail is relevant to the instant Rule motion.  (*See id*. at PageID 2657–58.)  The motion to supplement (ECF No. 71) is therefore **DENIED**.

His second motion to supplement seeks to add the file stamped pleadings mailed by another inmate at the SCCC in an effort to show that there were delays in mail leaving the facility.  (ECF No. 72 at PageID 2663–64.)  These materials are not relevant to Petitioner's Rule 60(b) motion, especially since Petitioner's primary argument relates to his discovery that his § 2254 petition submitted for mailing in 2013 was rejected by the Clerk's Office, not that it was delayed by the prison mailroom.  (*See* ECF No. 67 at PageID 2541.)

Sanford also seeks to supplement his Rule 60(b) motion with a letter showing that his "legal CDs" were discovered during a "routine audit" at the SCCC after Petitioner's transfer to

---

[5] Sanford makes much of the fact that Judge Campbell's order reopening the case instructed him to file "an amended habeas § 2254 petition." (ECF No. 67 at PageID 2530–31.) He argues that Judge Campbell would not have directed him to file an amended § 2254 petition unless Petitioner had filed a previous petition. (*Id*. at PageID 2531.) This Court has already rejected Petitioner's argument that his motion to hold the habeas proceedings in abeyance constituted a habeas petition. (ECF No. 37 at PageID 2377–78.) Further, the Clerk's rejection letter that Sanford relies on to argue that he is entitled to relief under Rule 60(b) clearly states that his 2013 § 2254 petition was returned unfiled. (ECF No. 67 at PageID 2639.)

7

another facility. (ECF No. 72 at PageID 2672.) This letter is dated June 8, 2019, which is long after Petitioner's case was dismissed as untimely in 2016. Because these materials are not relevant, Petitioner's second motion to supplement (ECF No. 72) is **DENIED**.

V.     **APPEAL ISSUES**

A certificate of appealability ("COA") is required "not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010)); *see* 28 U.S.C. § 2253(c)(1). A COA will issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petition is denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, reasonable jurists could not debate the correctness of the Court's decision to deny Petitioner's Rule 60(b) motion on the grounds that it is untimely and without merit. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting

affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[6]

**IT IS SO ORDERED** this 18th day of July, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).